NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO RIVAS-ROCHA, AKA Jose Martines Lopez,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    16-73317

Agency No. A077-985-897

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2022[**]
Pasadena, California

Before:  M. SMITH and R. NELSON, Circuit Judges, and DRAIN,[***] District Judge.

Francisco Rivas-Rocha petitions for review of the Board of Immigration

Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

applications for withholding of removal under the Immigration and Nationality Act and deferral of removal under the Convention Against Torture ("CAT"). "We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal," *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and deny the petition.[1]

"We review factual findings . . . for substantial evidence." *Id.* (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). This means that for us "to reverse such a finding, we must find that the evidence not only supports a contrary conclusion, but compels it." *Id.* (cleaned up).

1.   Rivas-Rocha argues that the BIA erred in dismissing his claim for withholding of removal because he is part of the social group of Mexicans returning to Mexico from the United States and is at risk of future harm. He contends that he is in danger of future harm because his sister is controlled by the Zetas cartel in coordination with the local police and that if he returns to Mexico, the Zetas will force him to work for them or he will face torture and death. He also maintains that his gang tattoo makes him more visible to the Zetas. Finally, he argues that there is a systematic pattern of criminals in Mexico seeking to harm travelers from the United States.

---

[1] Rivas-Rocha does not challenge the IJ's determination that he is ineligible for asylum because his application was untimely filed without an applicable exception. Therefore, Rivas-Rocha has waived review of the denial of his asylum clam. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Importantly, we have held that "returning Mexicans from the United States [is] too broad to qualify" as a social group. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150 (9th Cir. 2010). Nor does Rivas-Rocha rebut the substantial evidence supporting the IJ's reasoning, as adopted by the BIA, that he will only be subject to generalized harm. He has returned to Mexico several times and has never been harmed, and his sister's declaration did not state what specific harm he may face. Moreover, the IJ found based on Rivas-Rocha's testimony that he removed his tattoo at the age of 16.

2. Rivas-Rocha next argues that the BIA erred in denying his CAT claim because there is evidence that the police will torture him for his tattoo and prior gang affiliation. Further, he claims that the Zetas will torture him, and the government will "turn a blind eye."

The BIA relied substantially on the IJ's decision in denying Rivas-Rocha's CAT claim. The IJ held that there is insufficient evidence to establish governmental acquiescence. The IJ also found that it was not likely Rivas-Rocha would be tortured because his brother and sister reside at their father's home in Mexico and have only experienced one problem since his sister was released from jail. His brother was beaten, but only because his sister was hiding drugs that were not hers, and neither sibling has been harmed since. The IJ also recognized that Rivas-Rocha had traveled to Mexico several times without being harmed.

3

3.     Finally, Rivas-Rocha argues that his due process rights were violated because the BIA summarily denied his CAT claim. "An alien has been provided with due process when he or she is given an opportunity to be represented by counsel, prepare an application for relief, and present testimony and other evidence in support of the application." *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (cleaned up).

There is no evidence that the BIA denied Rivas-Rocha these rights. The BIA clearly stated that it had "considered [his] arguments on appeal" but was "not persuaded to disturb the Immigration Judge's decision."

**DENIED.**